# Department of Police – Norwich, Conn.

**INCIDENT REPORT**

| | | | | 1. COMPLAINANT'S NAME (FIRM NAME IF BUSINESS)<br>Daniel J. Malchman | | 2. COMPLAINT NO<br>02-27159 |
|---|---|---|---|---|---|---|
| 17. NO. EXTRA COPIES | 18. DISTRICT<br>NT | 19. BEAT<br>NT | REP. AREA<br>7 | 3. COMPLAINANT'S RESIDENCE ADDRESS    CITY<br>32 Tanglewood Drive, Norwich | | 4. RES. PHONE<br>889-4639 |
| 20. COMP'S OCCUPATION<br>Self-emp. | 21. HRS OF EMPLOY<br>Varies | 22. SOBRIETY | | 5. WHERE COMP IS EMPLOYED, OR SCHOOL HE ATTENDS    CITY | | 6. BUS. PHONE<br>204-0022 |
| 23. DESCRIBE LOCATION OF OFFENSE OR TYPE OF PREMISE | | | | 7. COMP'S SEX, RACE, D.O.B.<br>W/M, 01/28/50 | 8. LOCATION OF INCIDENT (ADDRESS OR BLOCK NO.)<br>32 Tanglewood Drive, Norwich | |
| 24. VEHICLE USED    LICENSE NO.    STATE    YEAR<br>BY SUSPECTS | | | | 9. REPORTING PERSON    SEX    RACE    AGE<br>Daniel J. Malchman | | 10. RES. PHONE<br>889-4639 |
| YEAR    MAKE    BODY    MODEL    COLOR(S) | | | | 11. REPORTING PERSON'S ADDRESS    CITY<br>32 Tanglewood Drive, Norwich | | 12. BUS. PHONE<br>204-0022 |
| IDENTIFYING CHARACTERISTICS OF VEHICLE | | | | 13. DATE AND TIME OCCURRED<br>09/28/02, 1728hrs. | 14. DATE AND TIME REPORTED<br>09/28/02, 1728hrs. | |
| CODE: V-VICTIM (OTHER THAN IN BLOCK #1 AND SHOW SEX, DESCENT, AGE)  W- WITNESS; P- PARENT OR GUARDIAN | | | | 15. CRIME OR INCIDENT<br>No-contact Issue | 16. CLASSIFICATION<br>90Z | |

| 25. NAME<br>Kenneth E. Weiss, W/M, 01/14/75 | CODE<br>W | RESIDENCE ADDRESS    CITY<br>11 Allen Avenue, Mystic | RES. PHONE<br>625-0399 | BUS. PHONE |
|---|---|---|---|---|
| 26.<br>Mary A. Swan, W/F, 01/23/63 | W | 27 Tanglewood Drive, Norwich | 887-1581 | |
| 27. | | | | |

| 28. IDENTIFY SUSPECTS BY NO. (NAME-ADDRESS-SEX-DESCENT-AGE-HT-WT-EYES-HAIR-COMPLEX-CLOTHING-IDENTIFYING CHARACTERISTICS.  IF ARRESTED, INCLUDE BKG. NO. AND CHARGE) |
|---|
| (1) Subject: John Bogdanski, W/M, 08/24/58;  27 Tanglewood Drive, Norwich, CT 887-1581 |
| (2) Incident: Violation of Alleged No-contact Order |

| 37. WEAPON, TOOL, FORCE OR MEANS USED (DESCRIBE)<br>Human Action | 38. METHOD USED TO COMMIT CRIME<br>Walked too close to complainant | |
|---|---|---|
| 39. NATURE OF INJURIES AND LOCATION ON BODY-VICTIM'S CONDITION<br>N/A | 40. VICTIM HOSPITALIZED WHERE?<br>N/A | |

On 09/28/02, at 1728hrs., I was dispatched along with Sgt. Deveny to the complainant's address for a disturbance complaint.

Upon arrival, I spoke with Daniel Malchman who stated that he and John Bogdanski of 27 Tanglewood Drive have been involved in an on-going court issue.  Mr. Malchman further states that a No-contact Order was issued by Judge Susan Handy between him and Mr. Bogdanski.  Mr. Malchman was unable to provide a copy of the Order, but states a copy of the Order may be on file at the Police Department.

Mr. Malchman states that while he was on his property, in the driveway on the Royal Oaks side of his house, Mr. Bogdanski purposely walked past him (on the street), stopped approximately three feet away from him (on the street), stared, and walked away.  Mr. Malchman says Mr. Bodganski did this intentionally to irritate him.  Mr. Malchman confirmed that Mr. Bogdanski did not come on his property or speak to him.

Witness Kenneth Weiss was interviewed and gave the following account of the incident:

Mr. Weiss, of Mystic, was operating a bulldozer on the property on Royal Oaks Drive directly across from Mr. Malchman's property.  Weiss stated that he observed Mr. Bogdanski walk past Mr. Malchman in the road, and

| 30. REPORTING OFFICER<br>M. J. McKinney | NO.<br>61 | 31. STATUS (CHECK ONE)<br>☒ SUSPENDED<br>☐ OPEN    ☐ CLOSED | 33. DATE/TIME TYPED<br>09/28/02, 2115 hrs. | REPRODUCED<br>10/01/02fh |
|---|---|---|---|---|
| 2ND OFFICER<br>Sgt. Deveny | NO. | 32. SUPERVISOR APPROVING    NO.<br>M. Blanchette | 36 REVIEWER | NO. |

Form 3

## Attachment 9

# Department of Police – Norwich, Conn.

**SUPPLEMENT REPORT**

| | |
|---|---|
| 1. ARRESTEE, COMPLAINANT, DRIVER #1, VICTIM: Daniel Malchman | 2. ARREST NO. |
| 3. COMPLAINT NO: 02-27159 | |

☒ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT
☐ FORM USED TO REPORT FOLLOW-UP INVESTIGATION OR SUPPLEMENTAL INFORMATION

| 4. EXTRA COPIES | 5. PAGE NO: 2 | 6. TRAFFIC CITATION NO | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED? ☐ YES |

7. KIND OF REPORT CONTINUED: Incident
10. MULTIPLE CLEAR-UP? ☐ YES (LIST OTHER COMPLAINTS NOS. IN NARRATIVE)   ☐ NO
8. OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT: see page one
11. VALUE OF PROPERTY RECOVERED: $

12. INSTRUCTIONS FOR FOLLOW-UP OR SUPPLEMENTAL USAGE. UNDER NARRATIVE, RECORD YOUR ACTIVITY AND ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE AND RECORD VALUE OF ANY PROPERTY RECOVERED, NAMES AND ARREST NUMBERS OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY AND INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUE AND TO REVIEWER UCR DISPOSITION. INDICATE "ITEM NUMBER CONTINUED" AT LEFT, IF ANY.

---

stop in front of Mr. Malchman. Weiss did not hear any words spoken, but Mr. Bogdanski's back was facing him (Weiss). A female was with Mr. Bogdanski and Weiss stated that they (Bogdanski and the female) walked off down Royal Oaks Drive.

I then went to the residence of Mr. Bogdanski (27 Tanglewood Drive). When questioned about the incident, Mr. Bogdanski stated that he was aware of a No-contact Order, but he did not have a copy of it. Mr. Bogdanski further stated that he and Mary Swan (the accompanying female) went for a walk on Royal Oaks Drive; they walked past Mr. Malchman and did not speak to him (Mr. Malchman) or step onto his property. They were walking in the street.

I then spoke with Mary Swan, who also resides at 27 Tanglewood Drive. She reiterated Mr. Bogdanski's statement.

A No-contact Order was not found at the Police Department.

No grounds for arrest at this time.

Case closed.

---

| 33 DATE/TIME TYPED: 09/28/02, 2155hrs | REPRODUCED: 10/01/02 fh |
|---|---|
| 30 REPORTING OFFICER: M. J. McKinney | NO: 61 | 31. STATUS (CHECK ONE) ☐ SUSPENDED ☐ OPEN ☒ CLOSED | 34 REFERRED TO | 35 UCR DISPOSITION |
| SECOND OFFICER: Sgt. Deveny | NO | 32 SUPERVISOR APPROVING: M. Blanchette | NO | 36 REVIEWER | NO |

Form 4

# Department of Police – Norwich, Conn.

| SUPPLEMENT REPORT | 1. ARRESTEE, COMPLAINANT, DRIVER #1, VICTIM<br>Daniel Malchman | 2. ARREST NO. | 3. COMPLAINT NO<br>02-27159 |
|---|---|---|---|

☐ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT  ☒ FORM USED TO REPORT FOLLOW-UP INVESTIGATION OR SUPPLEMENTAL INFORMATION

| 4. EXTRA COPIES | 5. PAGE NO<br>3 | 6. TRAFFIC CITATION NO | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED? ☐ YES |
|---|---|---|---|---|
| 7. KIND OF REPORT CONTINUED<br>Incident Report | | | 10. MULTIPLE CLEAR-UP?<br>☐ YES (LIST OTHER COMPLAINTS NOS. IN NARRATIVE) | ☐ NO |
| 8. OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT<br>Violation of No Contact Order | | | 11. VALUE OF PROPERTY RECOVERED<br>$ | |

12. INSTRUCTIONS FOR FOLLOW-UP OR SUPPLEMENTAL USAGE. UNDER NARRATIVE, RECORD YOUR ACTIVITY AND ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE AND RECORD VALUE OF ANY PROPERTY RECOVERED, NAMES AND ARREST NUMBERS OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY AND INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUE AND TO REVIEWER UCR DISPOSITION. INDICATE "ITEM NUMBER CONTINUED" AT LEFT, IF ANY.

October 1, 2002 (Tuesday)                                                                                               1:00pm

On the above date and time, I received the attached correspondence from the complainant, Daniel Malchman. The correspondence details an oral "No Contact" Order issued to John Bogdanski during a prior criminal court proceeding.

I advised Mr. Malchman that although there did not appear to be a criminal aspect to this current complaint, I would be forwarding a copy of the report and attached Court Order to the State's Attorney's Office in New London (Part A) for review, due to ongoing litigation involving Malchman and this department.

See attached document for further details.

Case suspended pending return of documents from Part A.

| 33 DATE/TIME TYPED<br>10/03/02 10:42am | REPRODUCED |
|---|---|
| **30 REPORTING OFFICER**<br>Franklyn J. Ward   NO   LT | **31. STATUS (CHECK ONE)**   ☐ SUSPENDED   ☐ OPEN   ☒ CLOSED | **34 REFERRED TO** | **35 UCR DISPOSITION** |
| **SECOND OFFICER**   NO<br>*Franklyn J. Ward* | **32 SUPERVISOR APPROVING**   NO<br>Warren L. Mocek   DC | **36 REVIEWER** | NO |

Form 4

# Department of Police – Norwich, Conn.

| SUPPLEMENT REPORT | 1. ARRESTEE, COMPLAINANT, DRIVER #1, VICTIM<br>Daniel Malchman | 2. ARREST NO: | 3. COMPLAINT NO<br>02-27159 |
|---|---|---|---|
| ☒ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT | ☐ FORM USED TO REPORT FOLLOW-UP INVESTIGATION OR SUPPLEMENTAL INFORMATION | | |
| 4. EXTRA COPIES | 5. PAGE NO<br>1 | 6. TRAFFIC CITATION NO | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED? ☐ YES |
| 7. KIND OF REPORT CONTINUED<br>Incident | 10. MULTIPLE CLEAR-UP?<br>☐ YES (LIST OTHER COMPLAINTS NOS. IN NARRATIVE) ☐ NO | | |
| 8. OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT | 11. VALUE OF PROPERTY RECOVERED<br>$ | | |

12. INSTRUCTIONS FOR FOLLOW-UP OR SUPPLEMENTAL USAGE. UNDER NARRATIVE, RECORD YOUR ACTIVITY AND ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE AND RECORD VALUE OF ANY PROPERTY RECOVERED, NAMES AND ARREST NUMBERS OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY AND INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUE AND TO REVIEWER UCR DISPOSITION. INDICATE "ITEM NUMBER CONTINUED" AT LEFT, IF ANY.

On 10/02/02 at 1750 hours, I was met at Police Headquarters by the complainant to received a copy of court documents.

Mr. Malchman presented me with a copy of court testimony (State of CT vs. Daniel Malchman, Docket #21-74209, Honorable Judge Susan B. Handy presiding) which indicated there is to be no contact between the complainant and Mr. Bogdanski regarding the case in which they are involved nor for any other matters.

From the investigation conducted by this officer on 09/28/02, there was no violation found of the order due to the fact that Mr. Bogdanski made no physical or verbal contact with Mr. Malchman.

No grounds for an arrest.

Information forwarded to the Detective Division.

Case closed.

| 30 REPORTING OFFICER<br>M.J. McKinney | NO<br>61 | 31. STATUS (CHECK ONE) ☐ SUSPENDED<br>☐ OPEN   ☒ CLOSED | 34 REFERRED TO | 33 DATE/TIME TYPED | REPRODUCED<br>10/08/02 fh |
|---|---|---|---|---|---|
| SECOND OFFICER | NO | 32 SUPERVISOR APPROVING<br>Lt. Blanchette | NO | 36 REVIEWER | 35 UCR DISPOSITION<br>NO |

Form 4

# Department of Police – Norwich, Conn.

| SUPPLEMENT REPORT | | 1. ARRESTEE, COMPLAINANT, DRIVER #1, VICTIM<br>Daniel Malchman | | 2. ARREST NO. | 3. COMPLAINT NO<br>02-27159 |
|---|---|---|---|---|---|
| ☐ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT | | ☒ FORM USED TO REPORT FOLLOW-UP INVESTIGATION OR SUPPLEMENTAL INFORMATION | | | |
| 4. EXTRA COPIES | 5. PAGE NO<br>4 | 6. TRAFFIC CITATION NO | 9. CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED? | ☐ YES |
| 7. KIND OF REPORT CONTINUED<br>Incident Report | | | 10. MULTIPLE CLEAR-UP?<br>☐ YES (LIST OTHER COMPLAINTS NOS. IN NARRATIVE) | | ☐ NO |
| 8. OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT<br>Violation of No Contact Order | | | 11. VALUE OF PROPERTY RECOVERED<br>$ | | |
| 12. INSTRUCTIONS FOR FOLLOW-UP OR SUPPLEMENTAL USAGE. | | UNDER NARRATIVE, RECORD YOUR ACTIVITY AND ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE AND RECORD VALUE OF ANY PROPERTY RECOVERED, NAMES AND ARREST NUMBERS OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY AND INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUE AND TO REVIEWER UCR DISPOSITION. INDICATE "ITEM NUMBER CONTINUED" AT LEFT, IF ANY. | | | |

October 8, 2002 (Tuesday)                                                                                          8:00am

On the above date and time, I received a written reply from Part A Superior Court in regards to this case.

The reply indicated, "Mr. Malchman's complaint against John Bogdanski does not appear to violate any of the criminal statutes." It further indicated that, "Any violation of that protective order should be addressed in that proceeding."

Reply attached to this report.

Case closed.

| 30 REPORTING OFFICER<br>Franklyn J. Ward | NO<br>LT | 31. STATUS (CHECK ONE) ☐ SUSPENDED<br>☐ OPEN    ☒ CLOSED | 34 REFERRED TO | 33 DATE/TIME TYPED<br>10/08/02 9:00am | REPRODUCED |
|---|---|---|---|---|---|
| SECOND OFFICER<br>*Franklyn J. Ward* | NO | 32 SUPERVISOR APPROVING<br>Warren L. Mocek | NO<br>DC | 36 REVIEWER | 35 UCR DISPOSITION<br>NO |

Form 4

10/01/2002 TUE 10:35 FAX 860 443 6017         PART A CRIMINAL                                  ☒001

Superior Court
**STATE OF CONNECTICUT**
Criminal Clerk's Office
70 Huntington Street, New London CT 06320


RECEIVED
1 - 2002
CITY OF NORWICH
POLICE DEPARTMENT

LT.
RUSTY
WARD



# FACSIMILE

Telephone: (860) 443-6016 or 447-0893
Facsimile: (860) 443-6017

DATE _____ 10/1/02 _____

TO _____ Danny Malchman _____

FROM _____ Cameron _____

Here are a PORTION of the docket sheets in St. v. Malchman

(the relevant dates we discussed) — CAM

Number of pages sent (including cover): 4

SUP. CT. JDCR 701 DP REV. 8/90

STATE OF CONNECTICUT
SUPERIOR COURT

DOB: 01/20/19__

DISPOSITION DATE:

ORIGINAL INFORMATION: NG   COURT DATE: 09/11/1998   AT: GA21 - NORWICH

DOCKET NO.: CR98-0074__

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut, in said Geographical Area, on his oath of office complains, deposes, and alleges that he has reason to believe and does believe that

MALCHMAN, DANIEL G.
32 TANGLEWOOD DRIVE, NORWICH, CT 06360

Did commit the crimes recited below:

Count: 001   CONSPIRACY TO COMMIT TREAT HAZARDOUS WASTE WO PRMT   Type/Class: F/U   At: NORWICH
On or About: 11/26/1996   In Violation Of CGS/PA No: 53a-48 / 22a-131a(b)

Count: 002   TREAT HAZARDOUS WASTE WO PRMT   Type/Class: F/U   At: NORWICH
On or About: 11/26/1996   In Violation Of CGS/PA No: 22a-131_

Count: 003   NO HAZ WASTE PRMT-IMMNT DANGER   Type/Class: F/U   At: NORWICH
On or About: 11/26/1996   In Violation Of CGS/PA No: 22a-131_

X  SEE OTHER SHEETS FOR ADDITIONAL COUNTS

| COURT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | DAYS IN JAIL | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 001 | 11/02/98 | NG | | | | | | |
| 002 | 11/02/98 | NG | | | | | | |
| 003 | 11/02/98 | NG | | | | | | |

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| 12/14/98 | State files substitute info, response to D's mo for bill of particulars and response to D's request for disclosure | |
| 12/14/98 | orders entered this day (see COTE file; CR98-74207); ① Defense to supply state w/ information on whether or not D's were out of state between 10/1/96 and 9/11/98 — specifically 11/26/96. ② re state's request for disclosure, 1- comply w/case in chief witnesses (over) | (Hardy, J) |

| DATE | OTHER COURT ACTION | |
|---|---|---|
| | 2 - witnesses intend to call in case in chief | |
| | 3 - denied; no compliance needed | |
| | 4 - document for case in chief only | |
| | 5 - comply w/ case in chief W's who are called | |
| | ③ state is to produce the following to defense: | |
| | unredacted — all records from: | |
| | 1) OSHA | (HANDY J.) |
| | 2) Norwich building inspector | |
| | 3) U.S. EPA | |
| | 4) CT DEP | |
| | 5) CT OSHA | |
| | 6) CT Dept. of Health | |
| | 7) uncas health district | |
| | 8) Norwich police dept.  // by 1-13-99 | |
| | - motion for additional production and additional disclosure to be filed by defense on or before 1-11-99 | |
| | - continued to 1-19-99 / court to set compliance day on 1-19-99 (as to st's mo. re discov | |
| 12/14/98 con't | Also ordered this day, following an oral motion by state, no discussion or contact between the defendants on anything re this case; a "cross-order" | (Handy J.) |
| 1-11-99 | defendant files a supp. mo. for discovery | |
| 1-15-99 | state files mo. for extension of time | |
| 1-27-99 | state's supplemental disclosure | |
| 1-27-99 | state's objection to motion | |
| 1-28-99 | def's supp. mo. for discovery | |
| 1-28-99 | def's objection to st. mo. for ex. time | |

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| | -- continued -- | |
| 2/23/99 | disclosed to one defendant is to be disclosed to all defendants (all to receive copies - order retroactive). state's motion to modify conditions of release (file stamp dated 2/22/99) has been denied - original order remains in effect. State's motion for protective order and request for in camera review (file stamp dated 2/22/99) is denied. State will have that document and turn it over in full to the court by 3/5 (give to court under seal, to be made a court exhibit). Court will review in camera by 3/25 and will rule on that date. Discovery order extended to 3/25. | (HA J |
| 2/23/99 | Defendant's objection to state's mo. for ext. of time by Malchman (file stamp dated 1/28/99) overruled -- 30 day ext. gr to 3/25 | |
| 2/23/99 | state's mo. for ext. of time for state to file supp'l discovery (file stamp dated 1/28/99) granted for 30 days to 3/25. | |
| 2/23/99 | any written motions to be filed by 3/19 -- case con't to 3/25 @ 2 | |
| 3-10-99 | state's supp'l disclosure filed | |
| 3-11-99 | certification of service is filed by state | |
| 3-16-99 | state supp'l disclosure - cert. of service also filed | |
| 3-18-99 | state files certif. of service | |
| 3-19-99 | st. files mo. for ext. of time to respond and file objection to ∆'s mo. to dismiss/ or for sanctions | |
| 3-22-99 | defense files mo. to dismiss or for sanctions | |
| 3-25-99 | state files obj. to ∆'s mo. to dismiss or for sanctions | |
| 3-25-99 | 2 subpoenas filed by state - for 3-25-99 2pm | |
| 3-25-99 | court orders that "document 1" - a 5 page report by the U.S. EPA criminal investigation division 1/13/98 - 12/28/98 be disclosed to all defendants by Monday, April 5, 1999. And, court orders "document 2" - a one page press release dated 9/11/98 be disclosed by Mon, Apr 5, 199 - state's mo. re ext. of time file stamp dated 3/19/99 is m - matter con't to 10 Am Tuesday start, May 4, 1999. | (HANDY J. |
| 4-1-99 | state files mo. to reargue and mo. for stay of execution | |
| 5-4-99 | following oral mo. by Atty. Bristol, court grants a NO CONTACT order of any sort between ∆ Malchman and Bogdanski, John [ct. modifies order of 12-14-98] | (Handy J |

10-07-02   Re Complaint of Daniel Malchman to Norwich P.D. complaint # 02-27159 date 09-28-02

Mr Malchman's complaint against John Bogdanski does not appear violate any of the criminal statutes. The protective order referred to relates to Mr Malchman's pending criminal case State v. Malchman CR21-76209. Any alleged violation of that protective order should be ~~bring~~ addressed in that proceeding.

```
DOCKET NUMBER:   21-74209  :  SUPERIOR COURT

STATE OF CONNECTICUT       :  NEW LONDON JUDICIAL DISTRICT

VS                         :  AT NEW LONDON

DANIEL MALCHMAN            :  MAY 4, 1999
```

BEFORE THE HONORABLE SUSAN B. HANDY, JUDGE

APPEARANCES:

    For the State:

        JOHN MASSAMENO
        Office of the Chief State's Attorney
        300 Corporate Place
        Rocky Hill, Connecticut

    For the Defendant:

        PATRICK BRISTOL
        Attorney at Law
        51 Russ Street
        Hartford, Connecticut

                                          Kathleen M. Amanti
                                          Court Monitor

THE COURT: All right. Recalling the Cote, Lavalle and Malchman matters, please.

Now, I have been informed by my clerk that Mr. Morano is still in Middletown, and doesn't really know when he could possibly get here.

Attorney Wade needs to be in Hartford for another matter, and it's my understanding that it's Attorney Morano's intent to try and get all the parties together to discuss possible resolution of this case anyway.

MR. WADE: Yes, I believe --

THE COURT: He had indicated yesterday that possibly the 26th, but now some people have conflicts with the 26th?

MR. COSGROVE: Yes, Your Honor, I do.

THE COURT: Attorney Cosgrove, and we were thinking of perhaps the 25th; is that correct?

MR. WADE: Yes.

MS. COSGROVE: Yes, Your Honor.

MR. WADE: He told me on the phone just now that both the 25th and the 27th were okay with him.

THE COURT: All right.

MR. WADE: My client's going to be gone on the 27th so I --

THE COURT: So the 25th? All right. Is that fine for everybody in the case?

MR. COSGROVE: Yes, Your Honor.

2

MR. MASSAMENO: Yes, Your Honor.

MR. BRISTOL: Yes, Your Honor.

THE COURT: All right. So the 25th.

Now, counsel for Mr. Malchman has indicated that there's something he wants to put on the record today. So counsel identify yourself, please.

MR. BRISTOL: Patrick Bristol on behalf of Daniel Malchman, Your Honor.

THE COURT: All right. Go ahead.

MR. BRISTOL: Currently in this case there is an order pertaining to all the witnesses, that they have no contact with the defendants in this case regarding the substance of the case.

THE COURT: Right.

MR. BRISTOL: What we would ask is that order be extended to John Bogdanski, just to be a no contact order in any manner. Mr. Malchman has reason to fear for his own safety from Mr. Bogdanski, and he just feels that it would be prudent to put that order on the record, Your Honor.

THE COURT: So what your client is requesting is that -- the current order says no contact in relationship to any specifics regarding this case. He would just like a full no contact order between himself and Mr. Bogdanski. I can't imagine the State would have any objection to that.

MR. MASSAMEANO: We requested it at the outset,

so we certainly don't.

THE COURT: So the Court would make an order, which is a modification of it's original order, and this is for your benefit, Mr. Malchman, that there will be absolutely no contact of any sort, about anything, between yourself and Mr. Bogdanski; all right, sir?

MR. BRISTOL: And we would just ask that someone from the State inform Mr. Bogdanski of that order?

THE COURT: Yes, would the State's Attorneys Office do that?

MR. MASSAMENO: We certainly will.

THE COURT: Thank you, counsel.

MR. MASSAMENO: And I presume, Your Honor, to the extent -- that is, I believe the tenant of the defendant Malchman; and so that to the extent that --

THE COURT: No, he's not. He's not the tenant.

MR. MASSAMENO: Oh, that is not. Okay.

THE COURT: No. Isn't he an official in the City of Norwich, no?

Who is Mr. Bogdanski?

MR. MASSAAMENO: He's a State's witness, who I believe is President of Bogs Limited, the business.

THE COURT: Oh, all right. Okay. I now remember who he is. All right. So the matter's

continued until the 25th, and all the Court can do is implore all of you to sit down and talk, please.

I've read all the motions. I'm just a little confused. This came to me at 4:30 yesterday afternoon. What does this go with?

MR. MASSAMENO: That is the appendix to the State's Motion to Quash.

THE COURT: That's what I thought it was when I read the Motion to Quash.

MR. MASSAMENO: Yeah.

THE COURT: All right. Thank you.

MR. MASSAMENO: Sure.

THE COURT: We'll see you on the 25th. Thank you.

MR. WADE: Thank you, Your Honor.

MR. COSGROVE: Thank you, Your Honor.

MR. BRISTOL: Thank you, Your Honor.

\*       \*       \*

02-27159

```
DOCKET NUMBER:   21-74209    :   SUPERIOR COURT

STATE OF CONNECTICUT         :   NEW LONDON JUDICIAL DISTRICT

VS                           :   AT NEW LONDON

DANIEL MALCHMAN              :   MAY 4, 1999
```

BEFORE THE HONORABLE SUSAN B. HANDY, JUDGE

APPEARANCES:

    For the State:

        JOHN MASSAMENO
        Office of the Chief State's Attorney
        300 Corporate Place
        Rocky Hill, Connecticut

    For the Defendant:

        PATRICK BRISTOL
        Attorney at Law
        51 Russ Street
        Hartford, Connecticut

                                            Kathleen M. Amanti
                                            Court Monitor

2

MR. MASSAMENO: Yes, Your Honor.

MR. BRISTOL: Yes, Your Honor.

THE COURT: All right. So the 25th.

Now, counsel for Mr. Malchman has indicated that there's something he wants to put on the record today. So counsel identify yourself, please.

MR. BRISTOL: Patrick Bristol on behalf of Daniel Malchman, Your Honor.

THE COURT: All right. Go ahead.

MR. BRISTOL: Currently in this case there is an order pertaining to all the witnesses, that they have no contact with the defendants in this case regarding the substance of the case.

THE COURT: Right.

MR. BRISTOL: What we would ask is that order be extended to John Bogdanski, just to be a no contact order in any manner. Mr. Malchman has reason to fear for his own safety from Mr. Bogdanski, and he just feels that it would be prudent to put that order on the record, Your Honor.

THE COURT: So what your client is requesting is that -- the current order says no contact in relationship to any specifics regarding this case. He would just like a full no contact order between himself and Mr. Bogdanski. I can't imagine the State would have any objection to that.

MR. MASSAMEANO: We requested it at the outset,

3

so we certainly don't.

THE COURT: So the Court would make an order, which is a modification of it's original order, and this is for your benefit, Mr. Malchman, that there will be absolutely no contact of any sort, about anything, between yourself and Mr. Bogdanski; all right, sir?

MR. BRISTOL: And we would just ask that someone from the State inform Mr. Bogdanski of that order?

THE COURT: Yes, would the State's Attorneys Office do that?

MR. MASSAMENO: We certainly will.

THE COURT: Thank you, counsel.

MR. MASSAMENO: And I presume, Your Honor, to the extent -- that is, I believe the tenant of the defendant Malchman; and so that to the extent that --

THE COURT: No, he's not. He's not the tenant.

MR. MASSAMENO: Oh, that is not. Okay.

THE COURT: No. Isn't he an official in the City of Norwich, no?

Who is Mr. Bogdanski?

MR. MASSAAMENO: He's a State's witness, who I believe is President of Bogs Limited, the business.

THE COURT: Oh, all right. Okay. I now remember who he is. All right. So the matter's

4

continued until the 25th, and all the Court can do is implore all of you to sit down and talk, please.

I've read all the motions. I'm just a little confused. This came to me at 4:30 yesterday afternoon. What does this go with?

MR. MASSAMENO: That is the appendix to the State's Motion to Quash.

THE COURT: That's what I thought it was when I read the Motion to Quash.

MR. MASSAMENO: Yeah.

THE COURT: All right. Thank you.

MR. MASSAMENO: Sure.

THE COURT: We'll see you on the 25th. Thank you.

MR. WADE: Thank you, Your Honor.

MR. COSGROVE: Thank you, Your Honor.

MR. BRISTOL: Thank you, Your Honor.

*        *        *

THE COURT: All right. Recalling the Cote, Lavalle and Malchman matters, please.

Now, I have been informed by my clerk that Mr. Morano is still in Middletown, and doesn't really know when he could possibly get here.

Attorney Wade needs to be in Hartford for another matter, and it's my understanding that it's Attorney Morano's intent to try and get all the parties together to discuss possible resolution of this case anyway.

MR. WADE: Yes, I believe --

THE COURT: He had indicated yesterday that possibly the 26th, but now some people have conflicts with the 26th?

MR. COSGROVE: Yes, Your Honor, I do.

THE COURT: Attorney Cosgrove, and we were thinking of perhaps the 25th; is that correct?

MR. WADE: Yes.

MS. COSGROVE: Yes, Your Honor.

MR. WADE: He told me on the phone just now that both the 25th and the 27th were okay with him.

THE COURT: All right.

MR. WADE: My client's going to be gone on the 27th so I --

THE COURT: So the 25th? All right. Is that fine for everybody in the case?

MR. COSGROVE: Yes, Your Honor.