**ARREST WARRANT APPLICATION**
JD-CR-64  Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**
SUPERIOR COURT

| FOR COURT USE ONLY |
| Supporting Affidavits Sealed |
| ☐ YES        ☐ NO |

NAME AND RESIDENCE *(Town)* OF ACCUSED

~~DANIEL MALCHMAN, NORWICH~~

| COURT TO BE HELD AT *(Town)* | G.A. NO. |
| NORWICH | 21 |

APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .

☒ affidavit below . . .        ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Prosecutonal Official)* *Lamberlyn E. C. Cowspark* |

AFFIDAVIT    -    PAGE 1

1.    The undersigned affiant, Matthew L. Schroeder, is an Inspector with the State of Connecticut Division of Criminal Justice, Office of the Chief State's Attorney, assigned to the Environmental Crimes Unit of the Statewide Prosecution Bureau, having approximately twelve (12) years experience and training in the field of law enforcement and criminal investigations, four (4) years of which have been concentrated in the investigation of environmental crimes.   At all times mentioned herein, the undersigned was acting in an official capacity as a member of the aforementioned agency.   The following facts and circumstances are related from personal knowledge and/or observations and include information related to the affiant by fellow officers and persons with knowledge of the facts and circumstances contained herein.

2.    On 6/4/98, the Statewide Prosecution Bureau, Environmental Crimes Unit of the Office of the Chief State's Attorney, initiated an investigation of Brian Cote, date of birth 08/11/44; Daniel Malchman, date of birth 12/08/50; and Charles Lavallee, date of birth 11/01/51, at the request of the Department of Environmental Protection (DEP).  DEP provided documentation of an inspection which had been conducted on August 13, 1997, of Brian Cote's property located at 539 Norwich Ave., Norwich, CT, by David Stokes, an Inspector assigned to DEP's Waste Engineering Enforcement Division, Bureau of Waste Management.  The inspection report, indicated that Brian Cote and Daniel Malchman hired a lead abatement contractor to remove lead based paint from the interior of the building

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Affiant)* |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 9/10/88 | SIGNED *(Judge, Clerk, Comm Sup. Ct., Notary Pub.)* B39. |

FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(A Judge of the Superior Court)* |

Exhibit E
*(OVER)*

**ARREST WARRANT APPLICATION**
JD-CR-64 Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**
SUPERIOR COURT

| FOR COURT USE ONLY |
| Supporting Affidavits Sealed |
| ☐ YES    ☐ NO |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
| DA L MALCHMAN, NORWICH | NORWICH | 21 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .

☒ affidavit below . . .    ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Prosecutorial Official)* Tamberlyn E. C. Conspark |

### AFFIDAVIT    -    PAGE 2

(by sandblasting) located at 539 Norwich Ave., Norwich, CT, and disposed of it under the floor of the same building, using manual labor provided by individuals employed by Charles Lavallee. DEP's report also stated that approximately 20 cubic yards (approximately 52,000 lbs) of lead-contaminated sandblast grit was buried under the concrete floor. DEP records reveal that neither Brian Cote, Daniel Malchman, nor Charles Lavallee possess either a permit to dispose of, or to store hazardous waste.

3.   Persons who treat, store or dispose of hazardous waste, and owners and operators of facilities which treat, store or dispose of hazardous waste require a rmit under Subtitle C of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, (RCRA); 42 U.S.C. 6901 and implemented by the Code of Federal Regulations; 40 CFR 270.1. The State of Connecticut has incorporated these requirements into state law via the Regulations of Connecticut State Agencies (RCSA) §22a-449(c)-110 and §22a-449(c)-102(a)(1).

4.   The structure located at 539 Norwich Ave., Norwich, CT, ("the property") is a two-story brick structure, approximately 50,000 square feet, constructed during the late 19th century. It is part of a large textile mill complex, also known as Ponemah Mills, located in the Taftville section of Norwich, CT. The records of the city of Norwich, CT revealed that the property was purchased by Brian Cote and Kenneth Oliver, both of Stonington, CT on 10/16/96. The city of Norwich, CT,

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Affiant)* |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 9/10/98 | SIGNED *(Judge, Clerk, Comm. Sup. Ct., Notary Pub.)* |

### FINDING

' The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offe has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(A Judge of the Superior Court)* |

*(OVER)*

ARREST WARRANT APPLICAT.
D-CR-64 Rev. 7-96
.G.S. § 54-2a
r. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**
SUPERIOR COURT

| FOR COURT USE ONLY |
|---|
| Supporting Affidavits Sealed |
| ☐ YES          ☐ NO |

NAME AND RESIDENCE (Town) OF ACCUSED

DAN ... MALCHMAN, NORWICH

| COURT TO BE HELD AT (Town) | G.A. NO. |
|---|---|
| NORWICH | 21 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .
☒ affidavit below . . .          ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Prosecutorial Official) Timberlyn E.C. Conopask |
|---|---|---|

### AFFIDAVIT    - PAGE 3

The undersigned, being duly sworn, deposes and says:

Building Permit Number 325, which was submitted on 10-10-96, to remove the wood floor system on the first floor of the building located on the property, and replace the same with a new concrete floor, listed Daniel Malchman as the owner of the building, and bore the signature of a Charles Lavallee in the applicant block.

5. The records of the State of Connecticut, Secretary of State, reveal that Sound Manufacturing, Inc., was incorporated on 12/11/84, at Westerly, RI and is presently located at 539 Norwich Ave., Norwich, CT. The records of the Cor cticut Secretary of State also reveal that the principals of Sound Man acturing, Inc. are Brian Cote of 48 Town Farm Rd., Ledyard, CT 063339, and Kenneth Oliver of 311 Farm Holme Rd., Stonington, CT 06378.

6. On 8/14/98, the undersigned met with DEP Inspector David Stokes, who stated that Brian Cote showed him a copy of a phase I site assessment survey that was prepared for Daniel Malchman, who is one of the previous owners of the building located on the property. David Stokes informed the undersigned that the survey stated that due to the age of the building, it was assumed the paint contained within was lead based. David Stokes asked Brian Cote if he had disposed of lead-contaminated sandblast grit beneath the floor on the lower level of the building located at 539 Norwich Ave., Norwich, CT, and Brian Cote admitted to doing so. David Stokes further disclosed that on 10/4/97 he took bore samples of the material buried underneath the concrete and had them analyzed at the

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Affiant) |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/10/98 | SIGNED (Judge, Clerk, Comm. Sup. Ct., Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and con ered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offe as been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

*(OVER)*

**ARREST WARRANT APPLICAT\[ \]N**
JD-CR-64 Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**
SUPERIOR COURT

| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ YES      ☐ NO |

NAME AND RESIDENCE *(Town)* OF ACCUSED

~~DA\_\_\_EL MALCHMAN, NORWICH~~

| COURT TO BE HELD AT *(Town)* | G.A. NO |
| --- | --- |
| ~~NORWICH~~ | ~~21~~ |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .
☒ affidavit below . . .      ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Prosecutonal Official)* *Kimberlyn E.C. Conopask* |
| --- | --- | --- |

### AFFIDAVIT      - PAGE 4

The undersigned, being duly sworn, deposes and says:

Connecticut Department of Health Laboratory. David Stokes said the results indicated that the lead contaminated sandblast grit underneath the concrete floor had lead levels ranging from 120 mg/l to 230 mg/l.

7. Lead contaminated substances which have lead concentrations greater than or equal to 5 mg/l are classified as hazardous waste under 40 CFR 261.24, and incorporated into state law via Conn. Gen. Stat. §22a-449(c)-101.

8. The Uncas Health District, Norwich, CT, provided the undersigned with a document published by the U. S. Department of Health, Agency for Toxic Substances and Disease Registry in April 1993. This document states that individuals can be exposed to lead by "Breathing or ingesting contaminated soil, dust, air or water near waste sites". This document also stated that exposure to high levels of lead in adults may cause spontaneous abortion, premature births, smaller babies, damage to the male reproductive system, decreased reaction time, weakness in fingers, wrists, ankles, and possibly effect the memory. Connecticut General Statutes §19a-110 established the reporting threshold to the Connecticut Department of Health for elevated blood lead levels in individuals at 10 ug/dl.

9. On 7/2/98, Gene A. Gamache, the owner of A. Gamache painting, 825 Pleasant St., Willimantic, CT, was interviewed by David Stokes and provided a written statement to David Stokes concerning his (Gamache's) involvement in the paint removal from the building located at 539 Norwich Ave., Norwich, CT. In his

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED *(Affiant)* |
| --- | --- | --- |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 9/10/88 | SIGNED *(Judge, Clerk, Comm'r. Sup. Ct., Notary Pub.)* |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/88 | SIGNED *(A Judge of the Superior Court)* |
| --- | --- | --- |

*(OVER)*

ARREST WARRANT APPLICAT  N
D-CR-64 Rev. 7-96
C.G.S. § 54-2a
r. Bk. Sec. 593, 593A, 594

STATE OF CONNECTICUT
SUPERIOR COURT

| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ YES        ☐ NO |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. NO. |
| --- | --- | --- |
| DA    MALCHMAN, NORWICH | NORWICH | 21 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .

☒ affidavit below . . .        ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Prosecutorial Official) Jamberlyn E. C. Conopask |
| --- | --- | --- |

### AFFIDAVIT   -   PAGE 5

The undersigned, being duly sworn, deposes and says:

statement, Gene Gamache said that Daniel Malchman initially contacted him concerning a renovation project at 539 Norwich Ave, Norwich, CT.  Brian Cote, Daniel Malchman and Charles Lavallee told him that there was lead in the paint that they wanted removed.  Gene Gamache stated that he provided a price quote which included sand blasting, setting up and taking down containment systems, and disposing of the sand blast grit waste.  Gene Gamache also stated that the specific quote for the disposal of the sand blast grit waste was $350.00 to $400.00 per barrel.  Gene Gamache said that Brian Cote and Daniel Malchman told him that they would handle the disposal of the lead contaminated sand blast grit themselves.  Gene Gamache said that he was hired to perform lead paint removal (s   blasting) only.  Brian Cote and Daniel Malchman said that they would provide laborers to perform the setting up and taking down of the containment systems, as well as the necessary clean up and disposal functions.  Gene Gamache gave the start and completion dates of the job as, on or about November 26, 1996 and April 30, 1997 respectively, and said that he was paid by checks drawn on a bank account named Sound Manufacturing.  Gene Gamache said that the additional laborers were directly supervised by Charles Lavallee, and these laborers took their instructions from Charles Lavallee, and that these laborers dumped the sandblast grit into the void space after a portion of the floor on the lower level had been removed.

10.  On 8/18/98, the undersigned met John Bogdanski, the owner of Bogs, Ltd., a business which leases space at 539 Norwich Ave., Norwich, CT.   John Bogdanski

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Affiant) |
| --- | --- | --- |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/10/98 | SIGNED (Judge, Clerk, Comm-Sup. Ct, Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an off    as been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (A Judge of the Superior Court) |
| --- | --- | --- |

(OVER)

**ARREST WARRANT APPLICATION**
JD-CR-64 Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**
SUPERIOR COURT

FOR COURT USE ONLY
Supporting Affidavits Sealed
☐ YES    ☐ NO

NAME AND RESIDENCE (Town) OF ACCUSED

D. EL MALCHMAN, NORWICH

COURT TO BE HELD AT (Town)
NORWICH

G.A. NO.
21

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .
☒ affidavit below . . .    ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Prosecutorial Official) Tamberlyn E. C. Conopask |
|---|---|---|

### AFFIDAVIT    -    PAGE 6

The undersigned, being duly sworn, deposes and says:

informed this affiant that in October 1996, he was approached by Brian Cote, Daniel Malchman, and Charles Lavallee concerning a renovation project that was to be performed at 539 Norwich Ave., Norwich, CT, which involved sandblasting the interior of the building. John Bogdanski also said that Daniel Malchman told him that he (Malchman) was the general contractor for this project. John Bogdanski further informed this affiant that Brian Cote, Daniel Malchman, and Charles Lavallee told him prior to the start of the sandblasting (October 1996), that the paint within the building did not contain lead. He did not recall seeing any lead removal warning placards posted. John Bogdanski said he telephoned Daniel Malchman approximately two days after the sandblasting started and again inquired as to the nature of the material that was being removed, due to the protective gear the contractors were wearing. Daniel Malchman again denied any lead involvement, and attributed the protective clothing to the high volume of dust that the contractors were immersed in. John Bogdanski also stated that he observed the wooden floor on the lower level being removed, exposing a void space. John Bogdanski said the sand blast grit had been allowed to accumulate in piles on the upper level. John Bogdanski stated that he observed the sand blast grit on the upper level being removed to the void space on the lower level through an empty elevator shaft. John Bogdanski further observed sandblast grit (generated from subsequent sandblasting on the lower level) accumulating in the void space also. Charles Lavallee told John Bogdanski that the plan was to bury the grit in the void space and pour a concrete floor over the top of it. John Bogdanski observed a number of Charles Lavallee's employees spreading the grit

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Affiant) |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/10/98 | SIGNED (Judge, Clerk, Comm'r. Sup. Ct., Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

*(OVER)*

ARREST WARRANT APPLICATION
D-CR-64 Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

**STATE OF CONNECTICUT**

SUPERIOR COURT

| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ YES      ☐ NO |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. NO. |
| --- | --- | --- |
| DAN. MALCHMAN, NORWICH | NORWICH | 21 |

<u>APPLICATION FOR ARREST WARRANT</u>

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .

☒ affidavit below . . .        ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Prosecutorial Official) *Tamberlyn E. C. Conopask* |
| --- | --- | --- |

AFFIDAVIT     -   PAGE 7

The undersigned, being duly sworn, deposes and says:

out, and John Bogdanski observed a concrete floor poured over the area. John Bogdanski said that while the floor was removed and the sandblast grit was accumulating in the void space, he and his employees were forced to walk over the void space (via wooden planking) in order to get to their work space (Bogs, Ltd.). In May 1997, as the result of his employees complaining of health problems, and describing symptoms consistent with that of lead poisoning, John Bogdanski encouraged them to have their blood tested for lead levels. Five employees were tested, and all had lead levels above the state minimum reporting level of 10 ug/dl, one of whom had a level of 23.5 ug/dl.

11.   On 8/25/98, the undersigned met with DEP Inspector David Stokes. David Stokes stated that he had previously inspected Sound Manufacturing on 11/3/92 and 11/6/92, when Sound Manufacturing was located at Alice Court, Pawcatuck, CT. During the inspection, it was determined by David Stokes that Sound Manufacturing improperly disposed of lead-contaminated sanding dust at that location. David Stokes stated that, at the time of this inspection, he told Brian Cote requirements for proper disposal of hazardous wastes and left Brian Cote the handbook discussing these requirements.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Affiant) |
| --- | --- | --- |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/10/98 | SIGNED (Judge, Clerk Comm. Sup. Ct., Notary Pub.) |

<u>FINDING</u>

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/16/98 | SIGNED (A Judge of the Superior Court) |
| --- | --- | --- |

(OVER)

ARREST WARRANT APPLICATION

JD-CR-64  Rev. 7-96
C.G.S. § 54-2a
Pr. Bk. Sec. 593, 593A, 594

STATE OF CONNECTICUT
SUPERIOR COURT

| FOR COURT USE ONLY |
|---|
| Supporting Affidavits Sealed |
| ☐ YES     ☐ NO |

NAME & RESIDENCE (Town) OF ACCUSED

DANIEL MALCHMAN, NORWICH

COURT TO BE HELD AT (Town)
NORWICH

G A NO
21

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

**The undersigned hereby applies** for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the. . . .
☒ affidavit below . . .     ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Prosecutorial Official) Tamberlyn E. C. Conspast |
|---|---|---|

### AFFIDAVIT    - PAGE 8

The undersigned, being duly sworn, deposes and says:

        WHEREFORE, the affiant believes that probable cause does exist that the
accused, Daniel Malchman, committed the crimes of DISPOSAL OF HAZARDOUS WASTE
WITHOUT A PERMIT, in violation of Conn. Gen. Stat. §22a-131a(b); STORAGE OF
HAZARDOUS WASTE WITHOUT A PERMIT, in violation of Conn. Gen. Stat. §22a-131a(b);
and PLACING ANOTHER IN IMMINENT DANGER OF DEATH OR SERIOUS BODILY INJURY, in
violation of Conn. Gen. Stat. §22a-131a(c) and said affiant does respectfully
request an arrest warrant.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (Affiant) |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 9/10/98 | SIGNED (Judge, Clerk, Comm'r Sup. Ct., Notary Pub.) |

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and
considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an
offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a
warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9/10/98 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

(OVER)