1  DOCKET NO. 21-74209          :     SUPERIOR COURT

2  STATE OF CONNECTICUT         :     JUDICIAL DISTRICT OF

3  VS.                          :     NEW LONDON AT NEW LONDON

4  DANIEL MALCHMAN              :     JANUARY 15, 2002

5

6                          JUDGE'S ORDERS

7

8  BEFORE:

9      THE HONORABLE SUSAN B. HANDY, JUDGE

10

11

12  APPEARANCES:

13

   For the State of Connecticut:
14
          Office of the Chief State's Attorney
15        300 Corporate Place
          Rocky Hill, Connecticut
16    BY:  TAMBERLYN CONOPASK, ESQUIRE
           JOHN M. MASSAMENO, ESQUIRE
17

18  For the Defendant:

19
          SANTOS & SEELEY
20        51 Russ Street
          Hartford, Connecticut
21    BY:  HUBERT J. SANTOS, ESQUIRE
           PATRICK S. BRISTOL, ESQUIRE
22

23

24
                    Kathleen M. Amanti
25                   Court Monitor

26

27

                      Exhibit G

1

THE COURT:  We're back on the record.  This is that matter of State versus Daniel Malchman.

Mr. Malchman, come forward and stand or sit next to Mr. -- well, actually, stand, probably, next to Mr. Santos.

We've had some extended conversations in my chambers, Mr. Malchman.  I don't know to what extent the allegations in the motion that has been presented by the State are true or false, but I do know, sir, that it would take an extraordinarily long period of time for this Court to ferret through all that; and for that reason I am going to defer any decision on the motion for bond modification and review today.

But I am entering a gag order, and let me explain what that means, Mr. Malchman.  That means, specifically, that you are to have absolutely no contact of any type, direct or indirect, with anybody involved in this case, aside from your attorneys.

Now, I'm going to incorporate as part of that order one of the requests from the State, which is contained in replacement page 12, paragraph three, second small d and small e, which says, You are to have no direct or indirect contact with any witness for the State, as well as both of the -- not both, -- all of the prosecutors handling this case

2

and refrain from engaging in any conduct that is designed or would reasonably be expected to directly or indirectly intimidate, harass, or annoy, any witness for the State or member of the prosecution team.  And that includes any of their prosecutors or inspectors.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, let me be very clear with you, Mr. Malchman; because if you cross this line the remedy is immediate revocation of your promise to appear and immediate incarceration. Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And then we will have a hearing at some future date on what an appropriate monetary bond might be.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, when I say no contact this is what I mean.  I don't want you talking to anyone. I don't want you calling anyone, or anyone related to anyone.  I don't want you writing anyone, e-mailing anyone, faxing anyone.  I don't want you to talk to anybody's relative.  I don't want you similarly to e-mail, fax, call, or in any way attempt to establish contact with any of those people.

Some of the witnesses in this case own their

3

own businesses.  For example, I think Mr. Bresnan owns a consignment shop.  You are prohibited from going in there.  You are prohibited from frequenting any establishment that is owned by any of the witnesses or people involved in this case.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you go into a public place, for example, Stop & Shop, and you run into one of the individuals, prosecutors, part of the prosecution team, witnesses, relatives of the witnesses, I expect you to walk away.  I am not precluding you from shopping at Stop & Shop or frequenting Public places where other people may gather, but I do not in any, way, shape, or form, allow you in that public forum to speak to those individuals.  If they attempt to speak to you walk away.

In this case you are represented by Attorney Santos.  He is one of the best trial lawyers in the State of Connecticut.  I have nothing but the greatest respect for him.  He will advocate your position, and he will speak for you.  You are not to talk to anyone.

In your civil rights case you are represented by Attorney Williams, another esteemed and respected member of the Connecticut Bar.  He will advocate for you.  He will prosecute -- excuse me,

4

-- he will, it's a civil case.  He will push that case through the proper proceedings in Federal Court, I am sure, with great zeal and aggression.

You are not to be involved in talking to anyone.  Do I make myself clear?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Malchman, if the State presents this Court with a motion that you have violated any condition of this gag order, the motion will come to my attention.  I will schedule it immediately.  We will have a hearing.  If it is verified, your promise to appear is revoked; and you're going through that door.  Do I make myself clear?

THE DEFENDANT:  Yes.

THE COURT:  I do not take lightly, sir, anyone who flaunts the orders of this Court.  These orders are specific.  They are not confusing.  They are not subject to interpretation, and they are clearly not subject to manipulation; and I will certainly not be manipulated by you or anyone else, sir. Have I made myself clear?

THE DEFENDANT:  Yes.

THE COURT:  Does the State wish for anything else on the record today, either Attorney Conopask or Attorney Massameno?

MR. MASSAMENO:  Oh, Your Honor, did want to make some specific reference to a public official.

5

THE COURT:  Yes, Mr. Troeger, Mr. Malchman.

THE DEFENDANT:  Yes.

THE COURT:  -- currently is employed by the City of Norwich.

THE DEFENDANT:  Yes.

THE COURT:  And with whom it's my understanding you may need to deal on issues that are unrelated to this particular case.

THE DEFENDANT:  That is correct.

THE COURT:  I am not prohibiting you from conducting your business in any, way, shape, or form.  You have to deal with officials of the city of Norwich, that will include Mr. Troeger of the Building Official's Office.  But, let me caution you.  You are in no way to talk to him about this case.  You are in no way to intimidate him about this case.  You are in no way to harass him about this case.  You're only dealings with Mr. Troeger would be outside this case for other business enterprises with which you may be affiliated.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Attorney Santos.

MR. SANTOS:  Excuse me, Your Honor.  May I just have a moment?

THE COURT:  Sure.

(Off the record discussion between Mr. Santos

6

and his client.)

THE COURT:  What's not right, Mr. Malchman?

MR. SANTOS:  If I might, Your Honor?

THE COURT:  Yes, Mr. Santos.

MR. SANTOS:  Mr. Malchman's concern is that he believes that he has been subject to harassment by a State's witness.  That if he goes into a public establishment, like a grocery store, a particular State witness will make faces at him, make remarks to him; and he understands, a prior order of this Court, that the no contact also applies to that particular witness.

THE COURT:  There's a no contact order for everybody in this case, Mr. Santos; and that kind of behavior, which is being articulated on the record, reminds me of two fifth graders, people calling names and making faces.

Mr. Malchman, walk away.

THE DEFENDANT:  I did, Your Honor.

THE COURT:  That's fine.  Continue to do that.

THE DEFENDANT:  But --

THE COURT:  I think you want to address your remarks to Mr. Santos.  Not to me.

(Off the record discussion between Mr. Santos and his client.)

THE COURT:  Mr. Santos.

MR. SANTOS:  Yeah, we have nothing further

7

to add, Your Honor.

THE COURT:  Thank you.  Anything further from the State?

MR. MASSAMENO:  No, Your Honor.

MS. CONOPASK:  No, Your Honor.

THE COURT:  Anything further, Attorney Santos?

MR. SANTOS:  No.

THE COURT:  I cannot be clear enough about this, Mr. Malchman.

THE DEFENDANT:  I understand.

THE COURT:  If there is one step over this line I will not tolerate it.  Do I make myself clear?

THE DEFENDANT:  Yes.

THE COURT:  I hope so.

All right.  This matter is on the firm jury list.  I made an order today which related to everyone in the case.  I previously excused Attorney Wade, and his client, and Attorney Deasey.  I've asked for that minor amendment to those counts. With that we should be good to go on the substitute information, and if anything else comes to the Court's attention, obviously, I'll act on it.  I hope we're not going to have any more on this issue.

All right.  It's on firm jury.  We'll keep you apprized.  Thank you.

MR. SANTOS:  Thank you.

MS. CONOPASK:  Thank you, Your Honor.

8

MR. MASSAMENO:  Thank you, Your Honor.

\*              \*              \*

9

DOCKET NUMBER:  21-74209                SUPERIOR COURT

STATE OF CONNECTICUT                    NEW LONDON JUDICIAL DISTRICT

       VS.                            AT NEW LONDON

DANIEL MALCHMAN                         JANUARY 15, 2002


### C E R T I F I C A T I O N

    I hereby certify that the foregoing pages contain a true
and accurate copy of the tape transcribed in the above-
entitled case, before the Honorable Susan B. Handy, Judge of
the Superior, on January 15, 2002, in New London,
Connecticut.

    Dated at New London, Connecticut, this _17th_ day of
January, 2002.


                           Kathleen M. Amanti
                           Court Monitor

**ATTACHMENT D**