UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL G. MALCHMAN | : | |
| VS. | : | NO. 3:01CV1877(MRK) |
| CITY OF NORWICH | : | OCTOBER 12, 2004 |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

  This is an action by a citizen against the municipality in which he resides, alleging an equal protection violation as a matter of municipal policy. The plaintiff contends that by a longstanding and obvious pattern and practice, the Norwich Police Department on behalf of the City of Norwich adopted a policy of denying police protection to the plaintiff, alone among the citizens of the municipality. The defendant has moved for summary judgment, denying that it denied police protection to the plaintiff. Both parties have submitted evidence.

  Construed in the light most favorable to the plaintiff's position, as all the evidence must be construed at this stage of the litigation, the court has before it an affidavit by the Norwich Chief of Police, whom both parties agree is the highest policy-setting official for police matters in the community. The Chief swears that the official policy of the department is to provide full, adequate,

competent and professional police protection to all residents of the community. However, the plaintiff's deposition testimony establishes that this policy was not applied to him. He was treated differently, according to his evidence. In his case, clear evidence of crimes committed against him by a positively identified perpetrator was ignored. For example, he received a threatening telephone call from John Boganski. He reported it to the police and provided the police with a positive identification. The police took the position that no arrest would be made on the basis of that positive victim's identification. He was repeatedly the victim of conduct by Boganski which violated an express protective order issued by Judge Handy of the Superior Court in 1999. Independent witnesses were tendered to the police to support these crimes. The police repeatedly took the position either that there was no protective order at all or that the protective order applied only to threats and physical contact, whereas in fact it was far broader and clearly covered the conduct in question. He reported positive evidence of a crime committed against him by a retired Norwich police captain, and the police claimed the conduct in question was not criminal. All of this, and more, is set forth in detail in the Plaintiff's Local Rule 56 Statement and the supporting sworn testimony, submitted herewith.

So the posture of the case at this time is that the police chief swears the defendant had a policy of providing full police protection to everybody in town,

and the plaintiff's evidence shows that he was the single exception to that policy. For the plaintiff there was a different policy – one of refusal to protect despite amply supported complaints.

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is

presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment

Account #2505103, 998 F.2d 129 (2d Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that

a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

 The defendant attempts to show that its police officers in fact did not deny police protection to the plaintiff. The defendant's attempt to make this showing is woefully inadequate, however, consisting simply of an affidavit by a deputy police chief, making utterly unsupported claims concerning a wide variety of alleged police activities in which he makes no claim to have been personally involved and citing to absolutely nothing in police records to support his claims. This attempt to use blatant hearsay in support of a summary judgment cannot be sustained and all of those claims must be disregarded by the court. Local Rule 56; Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001).

 This is an action against a municipality, not against individual police officers. The plaintiff claims that the municipality had a policy, informal but no less official, of placing him outside the protection of the law.

 "In order to establish municipal liability, 'a plaintiff must show that the

violation of his constitutional rights resulted from a municipal custom or policy....Although this rule 'does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy....The inference that a policy existed may, however, be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges' that its agents were violating citizens' constitutional rights."  DeCarlo v. Fry, 141 F.3d 57, 61-62 (2nd Cir. 1998), quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122-23 (2nd Cir. 1991).  *Cf.*, Thomas v. Roach, 165 F.3d 137, 145 (2nd Cir. 1999).

Thus, the official policy necessary to impose municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembauer v. Cincinnati, 475 U.S. 469 (1986); and City of St. Louis v. Praprotnick, 485 U.S. 112 (1988); need amount to no more than a conscious or deliberate indifference to the constitutional rights of persons with whom the police come into contact. City of Canton v. Harris, 489 U.S. 378 (1989) ("conscious indifference"); Board of

County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997) ("deliberate indifference").

The plaintiff establishes the existence of this policy by showing, as is articulated fully in his Local Rule 56 Statement and the supporting deposition transcript, that repeatedly over a period of years a variety of officers within the Norwich Police Department repeatedly refused to protect him when confronted by clear evidence of identified crimes against him by identified perpetrators; and refused to pursue investigations in numerous cases where it was apparent that doing so would identify otherwise unidentified perpetrators. This policy stands in contrast to the policy, articulated by the Chief of Police, which the City applied to everybody else in town.

The defendant expends some energy in making the obvious point that this is not a substantive due process action alleging a mere "failure to protect" the plaintiff, of the sort barred by DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989); and Collins v. City of Harker Heights, 503 U.S. 115 (1992). Rather, this is an equal protection action in which the plaintiff was denied that measure of police protection otherwise afforded to every resident of the community. Equal protection claims of this sort clearly are cognizable under Section 1983. In Allegheny Pittsburgh Coal Co. v. County Commission, 488 U.S. 336 (1989), a unanimous court found an equal protection violation based upon

8

arbitrary real estate assessments, which it found constituted both intentional and systematic discrimination. Where the failure to protect arises from such intentional discrimination, as for example discrimination against women in favor of their spouses, government officials can be liable on an equal protection theory. Freeman v. Ferguson, 911 F.2d 52 (8th Cir. 1990); Myers v. County of Orange, 157 F.3d 66 (2d Cir. 1998) (police policy of refusing to accept cross-complaints in criminal cases denied equal protection to arrestee who might not have been charged had his cross-complaint been accepted and investigated); Balistreri v. Pacifica Police Dept., 897 F.2d 368 (9th Cir. 1990); Watson v. City of Kansas City, 857 F.2d 690 (10th Cir. 1988); Smith v. City of Elyria, 857 F. Supp. 1203 (N.D. Ohio 1994). In Navarro v. Block, 72 F.3d 712 (9th Cir. 1996), where a 911 dispatcher failed to send assistance to a domestic violence victim, the court found an equal protection theory not in discrimination because of gender but in a municipal policy classifying domestic violence cases as a class lower than other personal violence complaints. Cf. Shipp v. McMahon, 199 F.3d 256 (5th Cir.2000); Fajardo v. County of Los Angeles, 179 F.3d 698 (9th Cir. 1999); Estate of Macias v. Ihde, 219 F.3d 1018 (9th Cir. 2000). The Ninth Circuit has found an equal protection violation in a case where a party to an automobile accident had wandered off into the desert and subsequently died. His estate contended that the police failed to search for him in the mistaken belief that he

was a Native American.  <u>Estate of Amos v. City of Page</u>, 257 F.3d 1086 (9th Cir. 2001).

      The defendant argues that the <u>DeShaney</u> court recognized an equal protection exception to its holding only when the person denied police protection was a member of a protected minority.  It happens that the plaintiff is Jewish and that many of the crimes which the defendant allowed to be committed against him were hate crimes.  However, even without that evidence, the language quoted by the defendant was pre-<u>Olech</u> language which, for that reason, must be taken with the proverbial grain of salt.  *See* <u>African Trade & Information Center v. Abromaitis</u>, 294 F.3d 355, 363-64 (2nd Cir. 2002), distinguishing between a selective prosecution equal protection claim and an *Olech* equal protection claim.

      The court's consideration of the present motion is limited to viewing only the *admissible* evidence offered by the parties.  That limitation itself excludes the bulk of the defendant's proffer.  The *admissible* evidence before the court then must be construed in the light most favorable to the plaintiff's position, including reasonable inferences which may be drawn from that evidence.  So construed, there is sufficient evidence to show a pattern of refusing to enforce the law to protect the plaintiff.  Proven crimes against the plaintiff, with identified perpetrators, did not result in arrests.  Other proven crimes against the plaintiff, when the perpetrators were suspected but not yet identified, were dropped

10

before the investigation could develop evidence identifying the perpetrators.  On the other hand, according to the sworn testimony of the police chief, who sets official city policy on the subject, everybody else in town received the full measure of police protection without discrimination.

Thus, the evidence shows just what the Complaint in this case charges: the plaintiff was singled out by the municipality for placement outside the protection of the law.  A clear equal protection violation.

The defendant's motion for summary judgment must be denied.

Respectfully submitted:

_____
John R. Williams (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION

      This is to certify that copies of the foregoing were mailed on the date above stated, to:

John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

Michael E. Driscoll, Esq.
Brown, Jacobson, P.C.
22 Courthouse Square
P.O. Box 391
Norwich, CT 06360-0391

                                                    _____
                                                    John R. Williams