UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANIEL G. MALCHMAN                    :

VS.                                  :        NO. 3:01CV1877(MRK)

CITY OF NORWICH                      :        OCTOBER 12, 2004

## PLAINTIFF'S LOCAL RULE 56 STATEMENT

*I     RESPONSES TO DEFENDANT'S CLAIMS OF FACT*

1. Agree.

2. Agree, but irrelevant.  Move to strike.

3. Agree, but irrelevant.  Move to strike.

4. Agree, but irrelevant.  Move to strike.

5. Agree, but irrelevant.  Move to strike.

6. Agree.

7. Agree with first sentence.  Disagree with remainder.  (Plaintiff's Deposition Transcript, p. 10)

8. Agree.

9. Agree.

10.  Agree.

11.  Agree.

12.  Agree.

13.  Disagree that Aldi was a "police officer" because in fact he was a Captain in the Norwich Police Department.  (Id., pp. 11-14) Otherwise, agree.

14.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

15.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

16.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

17.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

18.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

19.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

20.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

21.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

22.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

23.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

24.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

25.  Agree except for the sentence beginning "The matter was referred...." As to that sentence, disagree and move to strike because there is no non-hearsay evidence offered to support this claim.

26.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

27.  Agree in part and disagree in part.  See plaintiff's deposition transcript, pp. 33-35)

28.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

29.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

30.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

31.  Agree.

32.  Agree.

33.  Agree with first four sentences.  Disagree with fifth sentence, because it is not supported by admissible evidence nor does this sentence cite with the specificity required by Local Rule 56 to a particular page in the great volume of unindexed documents submitted by the defendant as a part of "Attachment #2" to which it refers.  On that basis, the plaintiff moves to strike the sentence.

34.  Agree with first three sentences.  Disagree with remainder because the moving party has not submitted admissible evidence in support of those claims and because its assertion of those claims is not supported by a detailed citation to specific pages in its voluminous submission as is required by Local Rule 56.

35.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

36.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

37.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

38.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

39.  Agree with first two sentences.  Disagree with third sentence.

(Plaintiff's deposition transcript, pp. 46-49)

40.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

41.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

42.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

43.  Agree.

44.  Disagree.  (Plaintiff's deposition transcript, pp. 48-60)

45.  Agree with first sentence.  Agree with second sentence; in fact, the plaintiff made a positive identification of the perpetrator of the crime.  Disagree with remainint sentences and move to strike them because there is no non-hearsay evidence offered to support those sentences.  Moreover, as a matter of law, a positive identification of the perpetrator by the victim of the crime establishes probable cause to make an arrest.

46.  Agree.

47.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

48.  Agree.

49.  Disagree and move to strike.  There is no non-hearsay evidence

offered to support this claim.

50. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

51. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

52. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

53. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

54. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

55. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

56. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

57. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

58. Disagree and move to strike. There is no non-hearsay evidence offered to support this claim.

59. Disagree and move to strike. There is no non-hearsay evidence

offered to support this claim.

60.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

61.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

62.  Agree with first three sentences.  As to the fourth sentence, agree that the perpetrator of this crime was not arrested.  Disagree with the claim that no crime had occurred.  The conduct constituted a clear violation of Conn. Gen. Stat. §§ 53a-62, 53a-181, 53a-181a, and 53a-182.

63.  Agree with first four sentences.  Disagree with remainder, because in fact the "no contact" order directed to Bogdanski was not limited in the way the defendant claims it was.  See transcript of Judge Handy's order, May 4, 1999, pp. 2-3, contained in defendant's evidentiary submissions.

64.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

65.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

66.  Agree with first two sentences.  Disagree with remainder because there is no non-hearsay evidence offered to support this claim.

67.  Disagree and move to strike.  There is no non-hearsay evidence

offered to support this claim.

68.  Disagree and move to strike.  There is no non-hearsay evidence offered to support this claim.

69.  Agree.

70.  Disagree.  (Plaintiff's deposition transcript, pp. 11-15, 18, 20-21, 27-28, 31-42, 45-51, 54-68)

71.  Disagree.  (Ibid.)

72.  Disagree.  (Ibid.)

73.  Disagree.  (Ibid.)

74.  Disagree.  (Ibid.)

75.  Agree that this is the policy, except when the plaintiff is the victim. (Ibid.)

76.  Agree that this is the policy, except when the plaintiff is the victim. (Ibid.)

77.  Agree.

78.  Disagree.  (Ibid.)


**II    PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1.  The pending criminal charge against the plaintiff is false.  He is innocent.  He had nothing to do with it.  (Plaintiff's Deposition Transcript, p. 10)

2.  Captain John Aldi of the Norwich Police Department has been since childhood a friend of John Boganski, the person who has been pressing false charges against the plaintiff, and has intervened on Boganski's behalf.  (Id., pp. 11-14)

3.  The Norwich Police Department has, over a period of years, engaged in a consistent, persistent, and widely known pattern and practice of failing and refusing to protect the plaintiff from criminal conduct, placing him outside the protection of the law.  (Id., pp. 15, 18)

4.  On the night of October 31-November 1, 1996, at the plaintiff's residence on Tanglewood Drive in Norwich, the plaintiff's automobile was spray painted with four or five swastikas.  The plaintiff reported this hate crime to the Norwich Police Department and provide investigating officers with the name of the most likely perpetrator.  Although the police pretended to investigate the crime they, in fact, conducted no investigation of the chief suspect, John Boganski, because of his connections to Captain Aldi.  (Id., p. 20)

5.  Within the past year, Lieutenant Rusty Ward of the Norwich Police Department has admitted, in the presence of the Norwich City Manager, that the Norwich Police Department "dropped the ball" in the swastika case.  (Id., p. 21)

6.  Lt. Ward admitted to the plaintiff, in the presence of the Norwich City Manager, that the Norwich Police did not conduct a proper investigation of the

hate crime committed against the plaintiff.  (Id., pp. 27-28)

7.  On the morning of November 1, 1997, the plaintiff went out to his mailbox and found it filled with dog shit.  (Id., p. 31)

8.  The plaintiff reported that incident to the Norwich Police and informed them that Boganski had a big dog in his backyard and the feces in the plaintiff's mailbox were fresh.  (Id., p. 33)

9.  Although a police officer came out and interviewed the plaintiff and took a sample of the material in his mailbox, nothing further was done to investigate this hate crime.  (Id., pp. 34-35)

10.  On October 26, 1998, and November 3, 1998, the plaintiff received hate mail which appeared to have been sent by Boganski.  He reported these crimes to the Norwich Police.  (Id., pp. 35-36)

11.  Although the police submitted some of those letters for forensic analysis, which was inconclusive as to whether Boganski was the author, the police refused to compare them to the handwriting of an employee of Boganski's whom the plaintiff had identified as a probable author on Boganski's behalf.  (Id., pp. 38-39)

12.  On April 12, 1999, the plaintiff received another threatening letter which he reported to the Norwich Police.  (Id., p. 40)

13.  The Norwich Police refused to compare the handwriting on this

threatening letter to the known handwriting of the likely perpetrators. (Id., pp. 41-42, 45-46)

14. In 1999 or 2000, Boganski chased the plaintiff's vehicle at high rates of speed down Plainville Road. The plaintiff immediately reported the incident to the Norwich Police, who took no action. (Id., pp. 46-48)

15. The Norwich Police refused even to interview the plaintiff's wife, who was a passenger in his car, along with their two young children, when that incident occurred. (Id., pp. 48-49)

16. In 1999, a Superior Court Judge issued a "no contact order" prohibiting Boganski and the plaintiff from having any contact with each other. Boganski received that order in open court, as well as through the mail at a later time. (Id., pp. 48-51)

17. On July 26, 2000, at the Pagoda Restaurant, Boganski violated that order. (Id., p. 51)

18. The plaintiff reported that crime to the Norwich Police and provided the police with an independent witness, Darryl Burchman. (Id., pp. 54-55)

19. The Norwich Police investigated this crime and developed proof that Boganski had committed it. (Id., p. 56)

20. Despite that, the Norwich Police covered up the crime and made no arrest of Boganski. (Id., p. 57)

11

21.   The Norwich Police falsely claimed that the Judge had not issued the order.  The refused to contact the Judge to confirm that the order had been issued.  (Id., p. 58)

22.   The police officer who investigated that case indicated to the plaintiff that she was not being allowed to pursue the investigation.  (Id., p. 60)

23.   On July 28, 2000, the plaintiff received a threatening telephone call from Boganski.  (Id., p. 61)

24.   The plaintiff reported the crime.  A Norwich police officer interviewed Boganski, who denied it, and on that basis no arrest was made.  (Id., pp. 63-65)

25.   On August 25, 2000, the plaintiff's children discovered that someone had left a large rubber penis in the family's driveway.  The plaintiff's wife reported the incident to the Norwich Police.  (Id., p. 65)

26.   The Norwich Police seized the evidence and interviewed the plaintiff's wife and children.  (Id., p. 66)

27.   The Norwich Police did not attempt to interview any of the plaintiff's neighbors to determine whether anyone had witnessed this crime.  (Id., p. 68)

THE PLAINTIFF


BY_____
          John R. Williams (ct00215)
          Williams and Pattis, LLC
          51 Elm Street, Suite 409
          New Haven, CT 06510
          203.562.9931
          FAX: 203.776.9494
          E-Mail: jrw@johnrwilliams.com
          His Attorney

## CERTIFICATION

This is to certify that copies of the foregoing were mailed on the date above stated, to:

John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

Michael E. Driscoll, Esq.
Brown, Jacobson, P.C.
22 Courthouse Square
P.O. Box 391
Norwich, CT 06360-0391

_____
John R. Williams

14